S02Y1764. IN THE MATTER OF CHALANA C. McFARLAND.
(573 SE2d 56)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar, seeking the disbarment of Respondent Chalana C. McFarland for alleged violations of Standards 3 (lawyer shall not engage in illegal professional conduct involving moral turpitude); 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 30 (except with written consent or written notice to the client after full disclosure, a lawyer shall not accept or continue employment if exercise of lawyer's professional judgment on behalf of the client will be or reasonably may be affected by lawyer's own financial, business, property or personal interests); and 65 (lawyer shall not commingle client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the

client's money, if any, held in any fiduciary capacity) of Bar Rule 4-102 (d), as well as Rules 1.7 (lawyer shall not represent or continue to represent client if there is a significant risk that lawyer's own interests or duties to another client, former client, or third person will materially and adversely affect the representation of the client); 1.15 (I) (lawyer shall hold property of client in lawyer's possession in a separate account, shall keep complete records of account funds and, upon receiving funds or other property in which a client has an interest, shall promptly notify client of receipt, shall promptly deliver any funds to client that client is entitled to receive, and shall promptly render a full accounting of property upon client's request); 1.15 (II) (lawyer shall maintain or have available trust account as required by Georgia Rules of Professional Conduct and all funds held by lawyer for a client or in any other fiduciary capacity shall be deposited in and administered from such account); 8.4 (a) (2) (lawyer shall not be convicted of a felony); 8.4 (a) (4) (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation); and 9.3 (during the investigation of a grievance, lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules) of the Georgia Rules of Professional Conduct found at Bar Rule 4-102 (d). A violation of either Standard 3, 4, 30 or 65 or of Rule 1.7, 1.15 (I), 1.15 (II), 8.4 (a) (2) and 8.4 (a) (4) is punishable by disbarment.

McFarland failed to acknowledge service of the Notice of Discipline within 20 days of its mailing to the official address provided by her to the State Bar and the DeKalb County Sheriff's Department subsequently issued a return of non est inventus after their attempts to personally serve her proved futile. The State Bar then served McFarland by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii) with notices published in The Champion Newspaper, the official legal organ of DeKalb County, on September 19, 2002 and September 26, 2002. Contemporaneously with the publication, the State Bar mailed a copy of the service documents by first class mail to McFarland at the address shown in its Membership Department records. McFarland failed to file a Notice of Rejection of the Notice of Discipline as provided in Bar Rule 4-208.3, however, and pursuant to Bar Rule 4-208.1 (b) is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. By virtue of McFarland's default, the following facts are deemed admitted.

McFarland, operating as the "McFarland Law Firm, LLC," signed an agreement to become an issuing agent for a title insurance company. Pursuant to the terms of the agreement, McFarland was required to assume full responsibility for the collection of all premiums, fees and charges attributable to the issuance of title insurance;

to keep safe in an account separate from her operating accounts all funds received from any source in connection with transactions involving the title insurer's policies and to disburse said funds only for the purposes for which they were entrusted to her, reconciling the accounts monthly; to account for policies issued and for premiums and related funds received; and to remit funds due the title insurance company in a timely fashion. McFarland also agreed to allow the title insurance company to undertake periodic audits of her policy inventory, title insurance files and any material, files, records, or accounts, including financial business records, relating to the issuance of title insurance. Between September 13, 2000, and February 23, 2001, McFarland acted as an issuing agent for the title insurer in one or more real estate transactions in which she issued title policies for the insurer and received funds designated for the payment of premiums on said policies. McFarland, however, failed and refused to comply with a request by the insurer for an accounting of the title insurance policies issued by her on the insurer's behalf; failed and refused to remit the funds due the insurer which she had collected as premiums for said title insurance policies; and failed and refused to provide the insurer with an accounting of funds due it which she had collected. The title insurance company terminated its agency agreement with McFarland on or about February 23, 2001 and, on September 5, 2001, the company requested that McFarland provide an accounting of the policies and premiums she had issued on its behalf. McFarland failed and refused to comply with this request and converted funds designated for the payment of premiums on title policies by the insurer to her personal use.

Based on our review of the record, we agree with the State Bar that disbarment is the appropriate sanction in this matter. Even though McFarland has not been the subject of the imposition of discipline in any previous instance, we note in aggravation of the level of discipline that she converted the property of a client causing potential injury to that client; refused to acknowledge the wrongful nature of her conduct; and exhibited indifference to making restitution. Accordingly, McFarland hereby is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.